UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
In Admiralty – Norfolk Division

IN THE MATTER OF THE COMPLAINT
OF ALPHA VESSELCO, LLC,                    Civil Action No. 2:21-cv-00088
AS OWNER OF THE FISHING VESSEL
SMUGGLER'S POINT

## COMPLAINT IN ADMIRALTY

The Complaint of Alpha VesselCo, LLC, as owner of the commercial fishing vessel SMUGGLER'S POINT ("the Vessel"), in an action for exoneration from or limitation of liability, civil and maritime, who alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction lies with this Court pursuant to 28 U.S.C. § 1333.

2. Limitation Plaintiff, Alpha VesselCo, LLC, is a limited liability company existing under the laws of Delaware, and it was at all material times the owner of the Vessel referred to in this Complaint.

3. The Vessel is a steel hull fishing vessel, 167 feet in length, built in 1943, Official No. 651567.

4. The Vessel was at all material times and in all respects seaworthy and properly maintained and in particular was seaworthy and in proper working condition on August 8, 2018.

5. To the best of Limitation Plaintiff's knowledge, information and belief, there are no demands or unsatisfied liens against the Vessel which arose from the voyage at issue that occurred on August 8, 2018. The Vessel has not been attached or arrested as the result of any legal claim or proceeding under the general maritime law. To Limitation Plaintiff's knowledge, the only claims presently asserted against Limitation Plaintiff as a result of the Vessel's voyage

on August 8, 2018, is a complaint, demanding seven million U.S. dollars, filed in the Circuit Court for the City of Norfolk for personal injuries allegedly suffered by Paul Somers, Jr. as the result of an incident involving the SMUGGLER'S POINT in Reedville, Virginia.  *See* Somers Complaint, **Exhibit A.**

6. Limitation Plaintiff denies that any negligence on its part or any unseaworthiness of the Vessel caused or contributed in any way to the injuries sustained by Paul Somers.

7. If any negligence occurred, which is denied, any damages or injuries which may have resulted therefrom were not caused or contributed to by any fault, neglect, want of care, or design on the part of Limitation Plaintiff, or any unseaworthiness of the Vessel.

8. If any negligence occurred, which is denied, any losses, damages or injuries resulting or occasioned therefrom were incurred without the privity or knowledge of Limitation Plaintiff.

9. The voyage of the Vessel during which Paul Somers alleged injuries occurred, commenced on or about August 7, 2018 and terminated on August 8, 2018, at Reedville, Virginia, on navigable waters of the United States.  As shown in the Condition and Value Survey prepared by Carolina/Atlantic Marine Surveyors, attached as **Exhibit B**, the fair market value of the Vessel at the end of the voyage did not exceed Three Hundred Thousand Dollars ($300,000.00).  There Vessel was not damaged, lost, or abandoned, and were no pending freights at the conclusion of the voyage.  The potential claims for injuries which are or may be alleged to have been occasioned by the events above-mentioned exceed the value of Plaintiff's interest in the Vessel at the end of the voyage above-described.

10. Limitation Plaintiff claims exoneration from liability for any and all loss caused, occasioned or incurred by the above-referenced alleged incident, and for any and all claims arising therefrom.

11. Limitation Plaintiff claims the benefit of the Limitation of Liability Act of the United States, 46 U.S.C. §§ 30501-30512, and claims exoneration from or limitation of liability for any injuries, damage, or losses of whatever description arising from the alleged incident aforesaid. Limitation Plaintiff desires to contest its liability and that of the Vessel in respect to any and all claims and allege that it has valid defenses to any such claims on the facts and the law.

WHEREFORE, Limitation Plaintiff prays that this Honorable Court will:

1. Enter an Order directing the issuance of a monition against all persons, concerns, or firms claiming damages for any and all losses or damages occasioned or incurred by or in any way resulting from or otherwise arising out of the above-referenced alleged incident, or otherwise asserting any claim against Limitation Plaintiff or the Vessel with respect to which Limitation Plaintiff seeks exoneration from or limitation of liability herein, admonishing them to answer under oath the allegations of this Complaint and to file their respective claims with the Clerk of this Court to serve on, or mail copies thereof to, the attorney for Limitation Plaintiff herein named on or before the date to be specified in the monition, and to make due on or before the date to be specified in the monition, all as provided by law and by the Federal Rules of Civil Procedure and supplements thereto.

2. Direct that notice of the monition, in the form and manner prescribed by Rule F(4) of the Supplemental Rules of Federal Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions, be published in such newspaper or newspapers as the Court may specify or, as specified by the Rules, once a week for at least four (4) consecutive weeks before the date specified in the monition for filing claims herein.

3. Issue an injunction restraining the commencement or further prosecution of any and all suits, actions and proceedings, which may have been commenced in any court whatsoever, to

recover damages for any and all losses or damage occasioned or incurred by or in any way resulting from the above-referenced casualty and loss or in any way consequent or arising from the Vessel and restraining the commencement or prosecution thereafter or ay quit, action or legal proceeding of any nature or description, except in this action, against Plaintiff or the above-referenced Vessel in respect to any claim.

4. Adjudge and decree that in this proceeding Limitation Plaintiff is not liable to any extent upon any of the claims made or that may be made as described above; or, if Limitation Plaintiff is found liable, then such liability is limited to the value of the Vessel as found at the time of the above-referenced casualty, and a decree discharging Limitation Plaintiff of and from any and all further liability.

5. That the Court grant Limitation Plaintiff such other and further relief as may be just and proper.

Respectfully submitted February 12, 2021.

**ALPHA VESSELCO, LLC,**

By: /s/ David N. Ventker
      Of Counsel

David N. Ventker (VSB No. 29983)
Marissa M. Henderson (VSB No. 44156)
Ventker Henderson, PLLC
256 West Freemason Street
Norfolk, Virginia 23510
Telephone:  757.625.1192
Facsimile:   757.625.1475
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com

*Counsel for Alpha VesselCo, LLC*